In the Matter of the Estate of TIGRAN ARRATHOON, Deceased. SIRAN ARRATHOON et al., Respondents; MARO A. GOLDSTONE et al., Appellants. [832 NYS2d 24]—

Order, Surrogate's Court, New York County (Renee R. Roth, S.), entered on or about November 1, 2006, which dismissed the application of Maro Goldstone and Thomas R. Newman to revoke the temporary letters of administration granted to Eileen Caulfield Schwab on the ground that the latter has fulfilled her function, and to reinstate Goldstone as preliminary executor; construed a prior decision to mean that the temporary administrator has all the powers of a temporary fiduciary and should investigate predeath transfers and transactions; and directed that the compensation and expenses of the temporary administrator, as fixed by the Surrogate, be paid from the estate, unanimously affirmed, without costs.

Appellants Goldstone, the preliminary executor, and her husband, Newman, as legatee and contingent fiduciary, contend that the Surrogate abused her discretion in effecting a de facto revocation of Goldstone's preliminary letters testamentary by suspending them indefinitely without a hearing. This issue is not properly before this Court. Questions of whether the suspension, which was directed by the Surrogate in her order of January 12, 2006, constituted a de facto revocation without a hearing, and whether the appointment of the temporary

administrator was for an indefinite period of time, are not matters dealt with by the Surrogate in the order of November 1, 2006, which is the subject of the instant appeal. Appellants never perfected an appeal from the January 12 order, and therefore, any issues concerning the order of suspension have been abandoned by appellants and cannot be raised on the instant appeal (*see King v Compass Retail*, 226 AD2d 263 [1996]). In any event, were we to consider appellants' claims, we would find them without merit. The appointment of the temporary administrator was not for an indefinite period, as the order specifically stated that the appointment was temporary pending an evidentiary hearing; once the parties had completed discovery, they were to file a note of issue for a scheduling of trial. Although appellants argue that the appointment continues and is thus still, in effect, a de facto revocation accomplished without the requisite hearing, as of September 28, 2006 they had still not filed a note of issue to put this matter on the trial calendar. The fact that a hearing has not yet taken place, apparently due in part to disputes over discovery issues, does not transform the temporary suspension into a de facto revocation without a hearing. Neither revocation of the appointment of the temporary administrator nor reinstatement of Goldstone's preliminary letters testamentary was warranted on the ground that the temporary administrator had fulfilled her function, as appellants contend. Although the Surrogate initially directed, on January 12, 2006, that the temporary administrator examine two specific and urgent issues, that court did not limit the authority of the temporary administrator to take whatever steps she deemed appropriate in administering the estate. Accordingly, the Surrogate properly confirmed, in its order of November 1, 2006, that the temporary administrator's authority was not limited to the two specific issues mentioned in the January order, but that she had full authority to proceed as she saw fit. Moreover, the temporary administrator did not fully exonerate appellants in her interim and final reports, as appellants contend. While she did find in Goldstone's favor on certain issues, other issues were still in dispute, which will have an impact on whether Goldstone's preliminary letters testamentary should be permanently revoked. Given the nature of these issues, they need to be examined, for the benefit of the estate; in the meantime, the estate needs to be administered by an independent fiduciary.

We have considered appellants' remaining contentions and find them without merit. Concur—Mazzarelli, J.P., Marlow, Buckley, Sweeny and Kavanagh, JJ.